**STATE OF OHIO, Petitioner,**

v.

**DEPARTMENT OF INTERIOR and Secretary, Manuel Lujan, Respondents,**

**Public Service Electric and Gas Co., et al. and ASARCO, Inc., Intervenors,**

**and consolidated cases.**

**No. 86–1529.**

United States Court of Appeals, District of Columbia Circuit.

Sept. 11, 1989.

Before WALD, Chief Judge, MIKVA, Circuit Judge, and ROBINSON, Senior Circuit Judge.

### ORDER

PER CURIAM.

Upon consideration of the Joint Petition For Rehearing of Petitioners and Intervenors it is

ORDERED, by the Court, that the petition is denied.

Before WALD, Chief Judge, MIKVA, EDWARDS, RUTH BADER GINSBURG, SILBERMAN, BUCKLEY, WILLIAMS, D.H. GINSBURG and SENTELLE, Circuit Judges, and ROBINSON, Senior Circuit Judge.

### ORDER

PER CURIAM.

The Joint Suggestion For Rehearing *En Banc* of Petitioners and Intervenors has been circulated to the full Court. No member of the Court requested the taking of a vote thereon. Upon consideration of the foregoing it is

ORDERED, by the Court *en banc*, that the suggestion is denied.

A statement of Circuit Judge SILBERMAN is attached.

SILBERMAN, Circuit Judge, concurring in the denial of rehearing *en banc:*

Whenever a government agency, whose statutory interpretation might be entitled to *Chevron*[1] deference, declines to appeal a district court rejection of such an interpretation, or declines to petition for rehearing from a panel decision of that kind, the government allows an inference to be drawn that it has acquiesced to, and thereby adopted, the judicial construction. If, as is certainly the case here, the judicial interpretation is a "permissible" one which the Department could easily have adopted in the first instance, intervenors arguing in support of the government agency's original interpretation are thereby placed in a tenuous position. So whatever the real reason the government chose not to petition for rehearing here, the case is surely not suitable for *en banc* rehearing.

Nevertheless, I wish to note my concern with what appears to me to be a serious misapplication of *Chevron* by the panel. And I agree with petitioners that it is of the utmost importance that this court—to which so many agency cases are brought—apply *Chevron* in a reasonably consistent fashion. The panel rejected two Department of Interior regulations promulgated under section 301(c)(2) of CERCLA despite that section's broad and express delegation to the Department to determine the methodology to be employed in fashioning the presumptive measure of damages, to be recovered by government trustees, in the event of injury to the environment. Section 301(c)(2) directs the Department to "identify the best available procedures to determine [environmental] damages" and "take into consideration factors including, but not limited to, replacement value, use value, and ability of the ecosystem or resource to recover." 42 U.S.C. § 9651(c)(2). Despite the open-ended language of section

1. *Chevron U.S.A. v. Natural Resources Defense Council,* 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984).

301(c)(2), the panel concluded that CERCLA's text and legislative history expressed a statutory preference for restoration damage measures that foreclosed the Department's "lesser-of" rule. The panel's 55 page examination of every conceivable relevant portion of the statute and legislative history notwithstanding, I remain quite unconvinced that Congress can be said to have "directly spoken to the precise question at issue." *Chevron,* 467 U.S. at 842, 104 S.Ct. at 2781. *Compare K-Mart Corp. v. Cartier, Inc.,* 486 U.S. 281, 108 S.Ct. 1811, 100 L.Ed.2d 313 (1988). Indeed the very extensiveness of the panel's efforts— while it may make further review more daunting—suggests the contrary. If Congress had wished to mandate the interpretation the panel reached, the language of section 301(c)(2) would surely have been quite different.

The panel further concluded that the Department's second regulation, which expressed a preference for market values in measuring "use-value," violated *Chevron*'s "step two" reasonableness prong. The panel rejected the Department's hierarchical approach because it felt that the use-value calculations did not fully capture the damage to natural resources. But in invalidating the regulation, the panel failed to analyze CERCLA to determine whether the challenged regulations constituted a permissible interpretation of the statute, *see Chevron,* 467 U.S. at 843–45, 104 S.Ct. at 2781–83, and instead the panel seems to have relied on its own views of the most appropriate calculation method if it were responsible for drafting the regulations. Section 301(c)(2) left the Department with discretion to identify the best method for calculating environmental damages. This open-ended language surely permits the use of market valuation for determining "injury, destruction, or loss." § 301(c)(2). The Department might well have concluded that, in light of the speculative calculations required of nonmarket techniques, market values represent the best available measure and therefore placed market techniques at the top of the hierarchy. The panel's invalidation of the Department's approach seems a rather direct substitution of policy preferences, precisely the judicial approach of which *Chevron* disapproves.